DANIEL ROBERT BARTLEY (SBN 79586)
BARTLEY LAW OFFICES
Pruneyard Towers – South Tower
1999 South Bascom Avenue, Suite 700
Campbell, CA  95008-2060
Telephone 415-847-2060
Email DanielBartleyLaw@aol.com

Attorney for Teresa R. Sheehan, Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TERESA R. SHEEHAN,<br><br>            Plaintiff,<br><br>vs.<br><br>KAISER FOUNDATION HEALTH PLAN, INC., and DOES 1-10, inclusive,<br><br>            Defendants. | Case No. 3:18-cv-02073-JCS<br><br>**[PLAINTIFF'S PROPOSED] REMANDING CASE TO STATE COURT AND AWARDING TO PLAINTIFF REASONABLE ATTORNEY FEES FOR IMPROPER REMOVAL**<br><br>Hearing:     Friday, May 18, 2018, 9:30 a.m<br>Courtroom:  G - 15th Floor, 450 Golden Gate Ave.<br>                      San Francisco, CA 94102<br>Judge:         Hon. Joseph C. Spero<br>                      U.S. Chief Magistrate Judge |

On May 18, 2018, the Court heard the motion of Plaintiff Teresa R. Sheehan for remand of this case to state court, following alleged improper removal.  Appearing as counsel for Plaintiff Sheehan was Daniel R. Bartley, Esq., and appearing as counsel for Defendant Kaiser Foundation Health Plan was Andrea Bednarova, Esq. Having read and considered the motion and its supporting papers, the opposition papers, and the reply papers, and having heard and considered the arguments of counsel, the Court rules as follows:

This is a wrongful termination case brought by Plaintiff Sheehan against her former employer, Kaiser Foundation Health Plan, Inc., a California corporation.

Plaintiff has filed a motion for remand and and for reimbursement for her attorney fees for having to pursue a motion to remand following alleged wrongful removal.

\\\

*Sheehan v. Kaiser Foundation Health Plan , Inc.* — Case No. 3:18-cv-02073-JCS

In her Verified Complaint, filed in Contra Costa Superior Court, Martinez, California, Ms. Sheehan alleges the following four causes of action:

    a. **First Cause of Action:** Breach of Implied Covenant of Good Faith and Fair Dealing by not paying to Plaintiff approximately $70,000 in commissions bonus monies she substantially had earned from sales she had made during the 15 months preceding her employment termination, and by selecting a termination date that was a mere a mere 3½ months prior to th June 24, 2017, date that her retirement benefits would have vested.

    b. **Second Cause of Action:** Discrimination and Harassment on the Basis of Age, in Violation of Cal. Gov. C. §§ 12940 et al., the California Fair Employment and Housing Act ("FEHA").

    c. **Third Cause of Action:** Discrimination, Harassment, and Retaliation in Violation of Cal. Gov. C. §§ 12945.1 to 12945.2, the California Family Rights Act of 1993 ("CFRA"), pertaining to exercise of family medical leave rights.

    d. **Fourth Cause of Action:** Wrongful termination in violation of public policy ("WTVPP").

### State and Federal Courts Share Original Jurisdiction over ERISA Benefits Actions.

Both state and federal courts have original jurisdiction over ERISA benefits actions. See 29 U.S.C. § 1132(e)(1), ERISA § 502(e)(1). Accordingly, when a claimant sues in state court, removal to federal court is not a foregone conclusion just because, arguably, ERISA issues may be tangentially involved.

### Removal and The Well-Pleaded Complaint Rule

Under the removal statute, "any civil action brought in a State court of which the district courts have original jurisdiction may be removed by the defendant" to federal court. 28 U.S.C. § 1441(a). The "original jurisdiction" referred to is federal question jurisdiction, which covers cases "arising under the Constitution, laws, or treaties of the United States." Id.§ 1331.

Ordinarily, whether a case "arises under" federal law is determined by the "well-pleaded complaint rule." That is, "a defendant may not generally remove a case to federal court unless the plaintiff's complaint establishes that the case 'arises under' federal law." *Aetna Health, Inc. v. Davila*, 542 U.S. 200, 207 (2004) (quoting Franchise Tax Bd. of Cal. v. Constr. Laborers Vacation Trust for S. Cal., 463 U.S. 1, 10 (1983)).

\\\

"The [well pleaded complaint] rule makes the plaintiff the master of the claim; he or she may avoid federal jurisdiction by exclusive reliance on state law." *Caterpillar, Inc. v. Williams,* 482 U.S. 386, 392 (1987). Thus, where a plaintiff properly pleads only state law causes of action, there generally will be no federal question jurisdiction. The fact that federal law may provide a defense to a state law claim is insufficient to create federal question jurisdiction, even if the federal defense is anticipated in the plaintiff's complaint. See *Gutierrez v. Flores*, 543 F.3d 248, 252 (5th Cir.2008); *Firstenberg v. City of Santa Fe, N.M.,* 696 F.3d 1018, 1025 (10th Cir. 2012).

### Preemption and ERISA

ERISA can preempt state law in two ways: First it can occupy an entire field, *i.e.*, so-called "complete preemption." Second, it can provide a defense to a state law claim, *i.e.*, so-called "conflict preemption."

### Complete Preemption under ERISA § 502(a)(1)(B).

In 1987, the Supreme Court, in *Metropolitan Life Insurance Company v. Taylor,* considered whether to extend the complete-preemption doctrine to certain ERISA claims. There, General Motors had created an employee benefit plan insured by MetLife. After General Motors terminated an employee's benefits under the plan, the employee sued in state court, asserting state-law contract and tort claims. Defendants General Motors and MetLife removed the case to federal court, arguing that the plaintiff's claims were completely preempted by ERISA. Following conflicting decisions by the district court and the Sixth Circuit, the Supreme Court granted certiorari to determine whether the plaintiff's state law claims were completely preempted under ERISA § 502(a), i.e., 29 U.S.C. § 1132(a).

ERISA § 502(a) enumerates ten scenarios in which a civil action may be brought under ERISA. The most typical scenario (§ 502(a)(1)(B)) authorizes a civil action by a participant or beneficiary to recover benefits due under the terms of a plan, to enforce or clarify rights to future benefits under the terms of a plan, or to enforce the terms of a plan. In *Taylor*, the Supreme Court looked to Congressional intent and found that the legislative history evinced Congress's

*Sheehan v. Kaiser Foundation Health Plan , Inc*. — Case No. 3:18-cv-02073-JCS

1  intent to displace state law actions falling within § 502(a)(1)(B). 481 U.S. at 64-66. The Court
2  ruled that, because the employee was a beneficiary of an ERISA-regulated plan and had brought
3  suit to essentially enforce the terms of that plan, the claims fell within the ambit of §
4  502(a)(1)(B) and were therefore completely preempted and subject to removal. Id. at 66-67.

5  Nearly two decades after *Taylor*, the Supreme Court further defined the breadth and
6  depth of the complete preemption doctrine in *Aetna Health Inc. v. Davila*. There, the Court
7  framed a two-part test for analyzing complete preemption under ERISA:"[W]here the individual
8  is entitled to such coverage only because of the *terms* of an ERISA-regulated employee benefit
9  plan, and **where no legal duty (state or federal) independent of ERISA or the plan terms is**
10 **violated**. then the suit falls "within the scope of" ERISA § 502(a)(1)(B).

11 In other words, if an individual, at some point in time, could have brought his claim
12 under *ERISA* § 502(a)(1)(B), and ***where there is no other independent legal duty under state***
13 ***law*** that is implicated by a defendant's actions, then the individual's cause of action is completely
14 pre-empted by ERISA § 502(a)(1)(B). *Davila*, 542 U.S. at 210 (citation omitted).

15 To determine whether a state law cause of action falls within the scope of § 502(a)(1)(B),
16 a court examines the plaintiff's allegations, the statutes on which the state law causes of action
17 are based, and the plan documents. *Id.* at 211.

18 Since *Davila*, the Ninth Circuit has recognized and applied the Supreme Court's two-part
19 Davila complete preemption test. See *Marin General Hospital v. Modesto & Empire Traction*
20 *Co.*, 581 F.3d 941, 946, 950 (9th Cir. 2009). In *Marin General Hospital*, the plaintiff hospital
21 called a patient's ERISA insurer and reached an oral agreement that Marin General would be
22 reimbursed for 90% of the costs of the patient's care. 581 F.3d at 949. When the insurer was
23 billed $178,926.54, it paid the hospital only $46,655.14 – apparently the amount due under the
24 ERISA plan – and said it would pay no more. The hospital sued in state court for the remainder,
25 and the insurer removed to federal court, asserting complete preemption. The Ninth Circuit held
26 that complete preemption did not apply. The Court reasoned that the hospital was not suing for
27 benefits under ERISA, or for any violation of ERISA. It was suing under an independent duty, an
28

*Sheehan v. Kaiser Foundation Health Plan , Inc.* — Case No. 3:18-cv-02073-JCS

-4-

oral contract – expressly outside of the ERISA plan – for reimbursement of 90% of the hospital costs. The hospital claimed no right to payment under ERISA, and did not claim any violation of ERISA, breach of any ERISA duty, or anything else regarding ERISA.  The Court concluded that "the Hospital's state-law claims based on its alleged oral contract with MBAMD were not brought, and could not have been brought, under § 502(a)(1)(B)." *Id.* at 949.

Only when both prongs of the Davila test are satisfied does federal question jurisdiction exist via the complete preemption doctrine.  If a plaintiff moves to remand, the case must be remanded unless the defendant has demonstrated that at least one of the plaintiff's claims is completely preempted by ERISA § 502(a)(1)(B).

**Conflict Preemption under ERISA § 514(a).**

The second form of ERISA preemption, which is commonly referred to as "ordinary," "conflict," or "defense" preemption, constitutes true preemption.  It "allows a defendant to defeat a plaintiff's state-law claim on the merits by asserting the supremacy of federal law as an *affirmative* defense." *Community State Bank v. Strong*, 651 F.3d 1241, 1261 n.16 (11th Cir. 2011).

Conflict preemption exists in the ERISA context when a state law claim "relates to" an ERISA plan under § 514(a)'s express preemption language.  See 29 U.S.C. § 1144(a) (ERISA provisions "shall supersede any and all state laws insofar as they may now or hereafter relate to any [ERISA] employee benefit plan").  A state cause of action "relates to" an ERISA plan whenever it has "a connection with or reference to such a plan." *Shaw v. Delta Air Lines, Inc.*, 463 U.S. 85, 97 (1983).

Unlike complete preemption, the presence of preemption under ERISA § 514(a) does not establish federal question jurisdiction or provide a basis for removal. *Taylor*, 481 U.S. at 64; Giles v. NYL Care Health Plans, Inc., 172 F.3d 332, 337 (5th Cir. 1999).Thus, "[s]tate law claims which fall outside of the scope of § 502, even if preempted by § 514(a), are still governed by the well-pleaded complaint rule and, therefore, are not removable under [] complete-preemption principles." *Dukes v. U.S. Healthcare, Inc.*, 57 F.3d 350, 355 (3d Cir. 1995).  Where

*Sheehan v. Kaiser Foundation Health Plan , Inc.* — Case No. 3:18-cv-02073-JCS

a lawsuit is removed based on conflict preemption under § 514(a), a federal court "lacks power to do anything other than remand to the state court where the preemption issue can be addressed and resolved. *Id.*

**RULING**

Plaintiff Teresa Sheehan pled only well-recognized state law causes of action, each of which is directed at violation of a legal duty under state law that is independent of ERISA or ERISA plan terms. Defendant Kaiser Health Plan, Inc., has not shown that there is complete preemption or that there is conflict preemption that would require federal court jurisdiction. Defendant improperly removed this case to federal court and this case therefore must be remanded.

THEREFORE, IT IS ORDERED:

1. That this case be, and it hereby is, REMANDED to the Superior Court of the State of California for the County of Contra Costa, in Martinez, California.

2. That Defendant Kaiser Health Plan, Inc., shall pay to Plaintiff's counsel, within fourteen calendar days, the sum of $4,920.00 as reasonable attorney fees, as supported by the declaration of Plaintiff's counsel, related to Plaintiff's motion for remand following Defendant's improper removal. *See* 28 U.S.C. § 1447(c).

Dated: _____

_____
HON. JOSEPH C. SPERO
U.S. CHIEF MAGISTRATE JUDGE

**PROOF OF SERVICE**

I declare I am employed in the County of Santa Clara, State of California, by Bartley Law Offices, 1999 South Bascom Avenue, Suite 700, Campbell, CA 95008-2205. I certify that I am over the age of 18.

I hereby certify that on today's date, I electronically filed the foregoing **"[PLAINTIFF'S PROPOSED] ORDER REMANDING CASE TO STATE COURT AND AWARDING TO PLAINTIFF REASONABLE ATTORNEY FEES FOR IMPROPER REMOVAL"** with the Clerk of the United States District Court for the Northern District of California by using the District Court's CM/ECF system. I certify that all the counsel listed below are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

> MICHAEL E. WILBUR (State Bar No. 152361)
> ANDREA BEDNAROVA (State Bar No. 250709)
> FOSTER EMPLOYMENT LAW
> 3000 Lakeshore Avenue
> Oakland, California 94610
> Telephone: (510) 763-1900
> Fax:  (510) 763-5952
> mwilbur@fosteremploymentlaw.com
> abednarova@fosteremploymentlaw.com

I declare under penalty of perjury, under the laws of the United States and the State of Califomia, that the foregoing is true and correct and that this declaration was executed on this 10th day of April, 2018, in the City of Campbell, Santa Clara County, California.

*/s/Daniel R. Bartley*
_____
Daniel R. Bartley

*Sheehan v. Kaiser Foundation Health Plan , Inc.* — Case No. 3:18-cv-02073-JCS